NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-906

COMMONWEALTH

vs.

DARREN P. DEVINE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was charged with a single count of larceny of property valued over $1,200.  After a jury trial, he was convicted of the lesser included offense of larceny of property valued under $1,200 (G. L. c. 266, § 30 [1]).  On appeal he argues that the evidence was insufficient to show "the specific intent to deprive the [victim] of the property permanently," an element of the crime.  See Commonwealth v. St. Hilaire, 470 Mass. 338, 343 (2015).

In considering a defendant's challenge to the sufficiency of the Commonwealth's evidence against him as presented at trial, a reviewing court must determine, "'whether, after viewing the evidence in the light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).

Based on the testimony of the victim, the only witness at trial, when viewed in that light, the jury could have found that on the day of the crime, May 25, 2021, the victim was at home watching television when the defendant, uninvited and without knocking, came into her home from her patio through the sliding door, which was unlocked. She knew the defendant, who had assisted her handyman. The defendant was crying and bleeding when he entered the victim's home uninvited. The victim "got up off the couch and . . . had him sit down" in her living room. They spoke for "[a]bout five minutes."

The defendant then requested a bottle of water. The victim went to the kitchen, and retrieved a bottle of water from the refrigerator. While in the kitchen, she "heard something fall." When she "came back, [the defendant] was gone." A watch case for her "diamond watch [that she] got from the Red Sox," was on the floor. The watch had been displayed in the box on a shelf "next to the TV." Although the victim recalled seeing the watch prior to the defendant's arrival at her home, it, too, was gone. She then called the police. She had not, as of the time of

2

trial, May 31, 2023, seen the watch it again after hearing the case fall and finding it on the floor.

This evidence is sufficient to support a finding of the requisite intent to deprive the victim of the watch permanently. "One who takes property without the authority of the owner and so uses or disposes of it as to show indifference whether the owner recovers possession may be found to intend to deprive the owner of it permanently." Commonwealth v. Salerno, 356 Mass. 642, 648 (1970).

There was evidence that over 19 months after the watch was taken, the victim saw the defendant at church. They discussed the watch and the defendant insisted he only "borrowed" the watch and did not "mean to steal" it. In arguing insufficiency, the defendant relies on the victim's testimony that it was her then-current understanding that the defendant was just borrowing the watch.[1]

The victim's understanding, though, does not render the evidence insufficient. The jury, to begin with, was not required to believe her testimony about her "understanding." In any event the question is not her understanding of the

---

[1] To the extent, if any, the defendant suggests the victim meant it had always been her understanding - something incompatible with her having called the police - he fails to view the evidence in the light most favorable to the Commonwealth.

3

defendant's intent, but the defendant's intent itself.  Even if the victim believed the defendant's story told to her at church, the jury were not required to believe it.  Instead, the jury could infer from all the evidence, including the events described and the testimony that the defendant had admitted to taking the watch and had not returned it at the time of trial, that the defendant intended to deprive the victim permanently of the watch.

Because there was sufficient evidence to support a finding beyond a reasonable doubt of all elements of the offense, the judgment is affirmed.

<u>So ordered</u>.

By the Court (Rubin,
  Englander & D'Angelo, JJ.[2]),

Clerk

Entered:  June 28, 2024.

---

[2] The panelists are listed in order of seniority.